# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

DANIEL F.,[1]

        Plaintiff,

vs.

FRANK BISIGNANO, Commissioner
of Social Security,

        Defendant.

No. C25-3062-LTS-MAR

**MEMORANDUM
OPINION AND ORDER**

## I.    *INTRODUCTION*

Plaintiff Daniel F. (the Claimant) appeals from the final decision of the Commissioner of Social Security (the Commissioner) denying his application for disability insurance under Title II of the Social Security Act, 42 U.S.C. §§ 401–34. The appeal has been fully briefed. Docs. 6, 7, 10. Oral argument is not necessary. *See* LR 7(c). While the Claimant asserts several arguments in opposition to the Commissioner's decision, I find that one issue clearly requires reversal with remand to the agency for further development of the record.[2]

## II.    *JUDICIAL REVIEW OF THE COMMISSIONER'S DECISION*

The Commissioner's decision must be affirmed "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner . . . as to any

---

[1] For privacy reasons, I refer to Social Security claimants by their first name and last initial, as recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] The Claimant has also filed a motion (Doc. 8) for sentence six remand, which the Commissioner resists (Doc. 11). That motion will be denied as moot.

fact, if supported by substantial evidence, shall be conclusive. . . .”). “Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion.” *Lewis v. Barnhart*, 353 F.3d 642, 645 (8th Cir. 2003). The Eighth Circuit explains the standard as “something less than the weight of the evidence and [that] allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal.” *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994).

To determine whether the Commissioner’s decision meets this standard, the court considers “all of the evidence that was before the ALJ, but [does] not re-weigh the evidence.” *Vester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). That means considering both the evidence that supports and detracts from the Commissioner’s decision. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010). The court “must search the record for evidence contradicting the [Commissioner’s] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial.” *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citing *Cline v. Sullivan*, 939 F.2d 560, 564 (8th Cir. 1991)).

The court applies a balancing test to assess any contradictory evidence in an appeal of a denial of benefits. *Sobania v. Sec’y of Health & Hum. Servs.*, 879 F.2d 441, 444 (8th Cir. 1989). The court, however, does not “reweigh the evidence presented to the ALJ,” *Baldwin*, 349 F.3d at 555, or “review the factual record de novo,” *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996). Instead, if, after reviewing the evidence, the court “find[s] it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner’s findings, [the court] must affirm the [Commissioner’s] denial of benefits.” *Kluesner*, 607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008)). This is true even if the court “might have weighed the evidence differently.” *Culbertson*, 30 F.3d at 939 (quoting *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992)). The court may not reverse the

2

Commissioner's decision "merely because substantial evidence would have supported an opposite decision." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see also Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

### III. DISCUSSION

Because social security proceedings are non-adversarial, an administrative law judge (ALJ) has a duty "to develop the record fairly and fully, independent of a claimant's burden to press his case." *Snead v. Barnhart*, 360 F.3d 834, 838 (8th Cir. 2004). This obligation extends, at times, to acquiring for themselves another federal agency's disability determination so that they may examine the evidence underlying the disability determination. *See Mowrer v. Kijakazi*, 686 F. Supp. 3d 764, 767 (S.D. Iowa 2023) (collecting cases). Although other federal agency determinations are not binding on the ALJ, 20 C.F.R. § 404.1504, they are nonetheless considered "important enough to deserve . . . attention." *Morrison v. Apfel*, 146 F.3d 625, 628 (8th Cir. 1998); *accord* 20 C.F.R. § 404.1504 ("[W]e will consider all of the supporting evidence underlying the other governmental agency or nongovernmental entity's decision that we receive as evidence in your claim . . . ."). Sufficient attention to other agency determinations is satisfied when the ALJ directly discusses the rating or analyzes the same evidence that supported such rating. *Pelkey*, 433 F.3d at 579.

In July 2024, the Department of Veterans Affairs (VA) found the Claimant to be individually unemployable as of August 2023, deeming his diagnosed post-traumatic stress disorder (PTSD) to be 70% disabling. Doc. 9-1 at 2. The decision rested on at least three exhibits supporting the severity of the Claimant's PTSD. *See* Docs. 9-1 to 9-3. The Claimant referenced the VA's determination several times throughout his social security disability application. *See* AR 185, 197, 216. Despite these references, and although the ALJ was aware of the ultimate determination, AR 23, both parties appear

to accept that the underlying rationale for the VA's decision was never entered into the record or otherwise considered by the ALJ.[3] Instead, the Commissioner argues that there was "no indication that there were any further records to secure that were either relevant or valuable." Doc. 7 at 11.

Although Claimant did not introduce the VA's rationale into the record, the ALJ was aware of the decision and had an independent obligation to seek it out. *See Mowrer*, 686 F. Supp. 3d at 768; *Charette v. Saul*, No. 18-cv-254, 2019 WL 7605835, at *10 (D.N.D. Nov. 22, 2019); *Green v. Saul*, No. 18-cv-41, 2019 WL 13216609, at *4 (S.D. Iowa Sept. 23, 2019). Failing to do so, the ALJ did not fulfill his independent duty to see the record sufficiently developed and did not follow binding case law and regulations requiring that the Commissioner consider documentation underlying another agency's disability determination. This was a substantive error and there is no basis to conclude that it was harmless. As such, it is necessary to reverse the Commissioner's decision and remand for development and consideration of the VA's underlying evidence. *See Mowrer*, 686 F. Supp. 3d at 768. Because remand is necessary for this purpose, I find it unnecessary to address the Claimant's remaining contentions.

## IV. *CONCLUSION*

For the reasons set forth herein:

1. The Commissioner's decision is hereby **reversed** and this case is **remanded** for further administrative proceedings consistent with this order.

2. Judgment **shall enter** in favor of the Claimant.

3. Claimant's motion (Doc. 8) for sentence six remand is **denied as moot**.

---

[3] The ALJ referred to one sentence of 20 C.F.R. § 404.1504 but did not mention the final sentence, which states: "However, we will consider all of the supporting evidence underlying the other governmental agency or nongovernmental entity's decision that we receive as evidence in your claim in accordance with § 404.1513(a)(1) through (4)." AR 23.

4.    If the Claimant wishes to request an award of attorney fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, an application may be filed up until 30 days after the judgment becomes "not appealable," i.e., 30 days after the 60-day time for appeal has ended.  *See Schaefer*, 509 U.S. at 302; 28 U.S.C. § 2412(d)(1)(B), (d)(2)(G).

**IT IS SO ORDERED** this 20th day of March, 2026.

_____
Leonard T. Strand
United States District Judge

5